UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRAIG THOMAS,

    Plaintiff,

vs.                                                                                    Case No. 17-14210

FORD MOTOR COMPANY,                          HON. AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE DEFAULT AND DISMISS COUNTERCLAIMS (Doc. 20)[1]**

I. Introduction

This is an employment discrimination case. Plaintiff/Counter-Defendant Craig Thomas (Thomas) filed a complaint against Defendant/Counter-Plaintiff Ford Motor Company (Ford) claiming discrimination in violation of the ADA. As will be explained, Ford filed a counterclaim asserting state law claims of unjust enrichment, statutory conversion, and common law conversion arising out of Thomas' failure to return a severance check. Thomas failed to answer or otherwise defend against the counterclaims and the Clerk entered a default judgment in the sum certain of $42,876.50.

Before the Court is Thomas' motion to set aside the default and to dismiss the counterclaims. For the reasons that follow, the motion will be denied.

---

[1] Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II. Background

A.

Thomas worked for Ford since 1999 and most recently as a senior process coach/production supervisor at Ford's Flat Rock Assembly Plant. Thomas alleges he was instructed by his employers to "write up" and "harass" another employee who had a disability "to cause that employee to quit or be terminated." Thomas reported the request to Human Resources. After reporting, plaintiff says he was harassed and written up for minor infractions such as "not paying attention." In January 2017, Thomas went on medical leave due to stress. In February 2017, he filed a charge of discrimination with the EEOC. On April 11, 2017 Thomas returned from medical leave and was terminated for alleged "poor performance." At the time of his termination, Ford offered Thomas a severance of $42,876.50 which was contingent upon him executing a waiver and release by May 2, 2017. Thomas did not execute the waiver and release. However, on May 15, 2017, Ford mistakenly sent Thomas a severance check in the amount of $42,876.50. In September 2017, Thomas filed a second charge with the EEOC, claiming his termination was in retaliation for filing the first charge.

At his deposition, Thomas said that he first believed the check was from his 401k but admitted that he received a letter from Ford's counsel in August of 2017 explaining that the had the choice of returning the severance or keeping it and executing the waiver and release. Thomas did neither. Instead, he kept the check and eventually cashed it and has spent some or all of it.

B.

On December 28, 2017, Thomas filed the complaint. (Doc. 1). On January 29,

2018, Ford filed an answer and affirmative defenses. (Doc. 4). On February 16, 2018, Ford filed an amended answer and counterclaims which are based on Thomas' refusal to return the severance. (Doc. 7). Ford also asserted several affirmative defenses including that Thomas has unclean hands, his claims are barred by equitable estoppel, and any relief must be offset by the severance. See id.

Thomas' answer to the counterclaim was due by March 9, 2018. Thomas did not answer or otherwise defend. On July 3, 2018, approximately four months later, the Clerk entered a default against Thomas on the counterclaim. (Doc. 13). On July 6, 2018, the Clerk entered a default judgment in the sum certain of $42,876.50. On July 16, 2018, the case was reassigned to the undersigned upon the retirement of the original district judge.

On August 23, 2018, the parties filed a Rule 26(f) discovery plan in which Thomas' counsel was plainly aware of the default judgment. The plan states in pertinent part:

> Thomas anticipates filing a Motion to Dismiss Ford's Counterclaim and to Amend the complaint to add a count of Retaliation for having filed the Counterclaim. Additionally, Thomas ... intends to file a Motion to amend his Complaint to add the charge of retaliatory termination.

(Doc. 8 at p. 5).

The same day as the discovery plan was filed, the Court held a status conference with the parties. According to the Court's notes, Thomas stated an intent to file a motion to set aside the default and a motion for leave to amend.[2]

---

[2] Thomas never filed a motion for leave to amend the complaint to add a retaliation claim.

On September 14, 2018, approximately a month after stating an intent to seek to set the default judgment aside and two months after the default judgment was entered, Thomas filed the instant motion to set it aside and to dismiss Ford's counterclaims.

On October 31, 2018, Ford filed a motion for summary judgment on Thomas' discrimination claim and unpled retaliation claim. (Doc. 24). On November 28, 2018, Thomas filed a "Counter-statement of Facts in Opposition to Motion for Summary Judgment" (Doc. 29) but not a substantive response.

### III. Legal Standard

Fed. R. Civ. P. 55(c) governs setting aside a default. It reads:

(c) Setting Aside Default. For good cause shown the court may set aside an entry of default and, **if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)**.

(emphasis added). The Court of Appeals for the Sixth Circuit has explained:

Under either rule, our review invokes the well-established factors set forth in United Coin Meter Co. v. Seaboard Coastline Railroad, which assess "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." 705 F.2d 839, 844 (6th Cir.1983). Although the elements are the same, the standard for applying them to a motion to set aside a final default judgment under Rule 60(b) is more demanding than their application in the context of a motion to set aside an entry of default under Rule 55(c). O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 352 (6th Cir. 2003).

Dassault Systemes, SA v. Childress, 663 F.3d 832, 838–39 (6th Cir. 2011). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005).

4

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## IV. Discussion

### A.

As an initial matter, Thomas has incorrectly applied the standard for setting aside a Clerk's entry of default, contending he must only show "good cause." Thomas says he has shown good cause and a meritorious defense. Thomas does not analyze or discuss the Rule 60(b) factors. At best, he briefly mentions "any other reason that justifies relief" under 60(b)(6). It is well-established that relief is only warranted in the case of "exceptional or extraordinary circumstances." Fuller v. Quire, 916 F.2d 358, 360 (6th Cir. 1990) (citing Hopper v. Euclid Manor Nursing Home, 867 F.2d 291, 294 (6th Cir. 1989)); Carter v Anderson, 585 F3d 1007, 1011 (6th Cir. 2009). Not only must the circumstances be exceptional or extraordinary, but they must be circumstances that "are not addressed by the first five numbered clauses of the Rule." McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002). Relief is appropriate under Rule 60(b)(6) if there was circumstances that are so unusual

5

or extreme that principles of equity mandate relief. Ford Motor Co. v. Mustangs Unlimited, Inc., 487 F.3d 465, 468 (6th Cir. 2007). As noted above, in addition to establishing extreme and unusual circumstances, and must also satisfy the equitable factors of Rule 55. Finally, a party seeking rule 60(b) relief must file within a reasonable amount of time from judgment. Fed. R. Civ. P. 60(c).

B.

Thomas has not satisfied the standard for relief under Rule 60(b)(6) or Rule 55. The Clerk's entry of default was properly entered because Thomas failed to answer the counterclaims. Thomas does not contend otherwise. The default judgment was also properly entered when Ford presented the affidavit of sum certain. Thomas provides no explanation as to why he took no action during the seven months after Ford filed its counterclaims despite having counsel actively involved in litigation. Moreover, counsel was plainly aware of the existence of the default judgment by counsel's stated intent to move to set it aside, which it did over three months after the default judgment was entered. The Sixth Circuit has held that neither "attorney strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment" under Rule 60(b)(1) or 60(b)(6). McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc., 298 F.3d 586, 593 (6th Cir. 2002)

Putting aside Thomas' failure to apply Rule 60(b), the gravaman of Thomas' motion is that "good cause" exists to set aside the default because (1) the Court lacks subject matter jurisdiction over the counterclaims and (2) he has a meritorious defense

to the counterclaims. Neither argument carries the day.[3]

As to subject matter jurisdiction, the Court can exercise supplemental jurisdiction over related state law claims. See 28 U.S.C. § 1367(a). Thomas is suing over his termination. In connection with his termination, Ford offered Thomas a severance contingent upon executing a waiver and release. Ford sent Thomas a severance check but Thomas did not execute a waiver and release. Ford's counterclaims arise from Thomas' termination, i.e. (1) whether he wrongfully converted or is unjustly enriched by retaining the severance and (2) whether any recovery for discrimination is barred or mitigated by him retaining the severance. The claim and counterclaims arise out of the same event - Thomas' termination. As such, the Court has supplemental jurisdiction over the counterclaims. See Frisby v. Weiner & Assoc., 669 F. Supp. 2d 863, 872 (N.D. Ohio 2009) (supplemental jurisdiction exists over employer's state counterclaim for payment of promissory note in FLSA overtime case).

As to a meritorious defense, a defense is "meritorious" if it is "good at law." Williams v. Meyer, 346 F.3d 613, 614 (6th Cir. 2003). While Thomas spends a good deal of time setting forth the elements of Ford's counterclaims, he does not identify any authority that would suggest his defense - that he could keep the severance because he initially believed it was his 401k funds but later learned otherwise - has any legal merit. Moreover, the fact that Thomas testified at deposition that he spent the money because he needed to is not a legal defense to Ford's counterclaims.

---

[3]These arguments also form the basis for Thomas' additional request to dismiss the counterclaims. In light of denying the request to set aside the default judgment, any argument as to dismissal is moot.

Overall, Thomas has not satisfied any of the grounds under Rule 60(b). He has not argued that the default judgment was entered by mistake, neglect or surprise, or that there is newly discovered evidence, or that the judgment was procured by fraud or is void, or that there are extraordinary reasons for setting it aside. Moreover, Thomas has not established good cause, a meritorious defense, or a lack of prejudice to Ford to cause the default judgment to be set aside. Rather, the record shows that Thomas was aware at some point after receiving the check that it was for severance and he could keep if only if he executed a release and waiver; he did not. The record also shows that counsel was aware of the counterclaims but for reasons unknown failed to answer them. Counsel also failed to promptly act after the default judgment was entered to set it aside.

V. Conclusion

For the reasons stated above, Thomas' motion is DENIED. The Clerk will schedule Ford's pending summary judgment motion for hearing. In the meantime, the parties would be well-served to work towards settlement of this case.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 12/12/2018
    Detroit, Michigan